### FREDERICK SNYDER v. LUCINDA WANAMAKER.

REVIEW OF EVIDENCE BEFORE TRIAL COURT—HOW ACCOMPLISHED.

Where the court of common pleas sets aside the settlement of a cause of action pending in such court, upon affidavits and parol testimony: *Held*, that in order to bring the evidence before the circuit court for review, it is necessary that a motion for a new trial should have been made and overruled in the court below, and thereupon a bill of exceptions taken, containing all the evidence.

RUSSELL, J.

Wanamaker commenced an action against Snyder in the common pleas court, in which issues were joined. Pending the action, Snyder procured a settlement to be made and an entry, dismissing the case. Subsequently, at the same term in which the entry of dismissal was made, Wanamaker filed a motion to set aside the settlement and the entry thereof, on the ground that the settlement was procured by fraud and misrepresentation. The motion was heard on affidavits as well as upon parol testimony, and on consideration thereof, was sustained. Snyder excepted and took a bill of exceptions containing all the testimony, including the affidavits, but did not file a motion to set aside the order of the court vacating the settlement, and for a new trial, and thereupon filed a petition in error to the circuit court, alleging, among other grounds of error, that the order of the court, in setting the settlement aside, was against the evidence.

On the hearing of the petition in error in the circuit court, defendant in error objected to the court considering the alleged error above stated, for the reason that in order to bring the evidence before the court for review, it was necessary that a motion for a new trial should have been made in the court below and overruled, and moved that the bill of exceptions be stricken from the petition in error. Objection and motion sustained.